## In re STATE QUESTION NO. 171, INITIATIVE PETITION NO. 116.
## TAYLOR v. KING.
No. 23129. Opinion Filed May 3, 1932.

W. D. Humphrey, T. J. Leahy, and Baxter Taylor, for plaintiff.

J. Berry King, Atty. Gen., for defendant.

HEFNER, J. This is an appeal by Baxter Taylor from a form of ballot title prepared and filed with the Secretary of State by the Attorney General to a proposed initiative measure designated State Question No. 171, Initiative Petition No. 116. Appellant, proponent of the measure, in due time filed a copy thereof with the Attorney General, together with a proposed ballot title, as provided by section 6632, C. O. S. 1921. The Attorney General rejected the title as submitted by proponent, and prepared and filed the following title:

"An act creating new Commission, making Governor member; authorizing construction of reservoirs; farm-to-market roads, suspending county control thereover; fixing compensation; authorizing agents and employees; extending imposition of extra one cent gasoline tax, assigning such tax together with present county's share of automobile and gasoline tax to such Commission; authorizing such Commission to audit its own expenditures; making embezzlement of funds in any amount a misdemeanor with maximum penalty of $100 fine and possible jail sentence of 100 days. This act with above and other limitations being for unemployment relief in Oklahoma for limited time."

Appellant criticises the following words used by the Attorney General in the above-quoted title:

"* * * assign such tax together with present county's share of automobile and gasoline tax to such Commission."

It is his contention that such language is prejudicial to the measure to be submitted, and is not authorized by any clause or phrase of the proposed measure. Section 4 of the proposed measure provides:

"* * * All the gasoline and automobile tax apportioned under the present law to

the several counties of the state shall be used exclusively for the construction of farm-to-market roads, as in the foregoing provision provided, and for no other use by the county commissioners, for the duration of this act, without the approval of the Oklahoma Employment Relief Commission, and all said sums of money for gasoline and automobile tax are hereby assigned to and appropriated for the work herein authorized, and for the improvement herein authorized."

We think the language used is not subject to the criticism made of it by appellant.

We find no fault with the title filed with the Attorney General. It conforms to the law. This, however, is not sufficient reason, in itself, to reject the title prepared and filed by the Attorney General, where such title contains such a gist of the proposed measure as will fairly submit the question to be voted upon to the people.

The questions of law here involved were passed upon by this court in Taylor v. King, No. 23127, this day decided, 157 Okla. 120, 11 P. (2d) 158. Under authority of that case, the title prepared by the Attorney General is approved and adopted, and the cause remanded to the Secretary of State.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.