## COVEY v. WILLIAMSON, Atty. Gen.
### No. 36297.

Supreme Court of Oklahoma.
Dec. 29, 1953.

George Defenbaugh, Shawnee, for appellant.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for appellee.

### PER CURIAM.

The following facts are deemed necessary to a full understanding of the issues here involved. The Twenty-fourth Legislature adopted in the 1953 regular session, H.B.No. 933, approved May 7, 1953, c. 6a, p. 357, S. L. 1953, 69 O.S.Supp. § 652 et seq., providing for the construction, financing, and operating of turnpikes, and Senate Bill No. 454, approved June 8, 1953, c. 6b, p. 370, S.L. 1953, 69 O.S.Supp. §§ 654, 655, 674, dealing generally with the same subjects and amending some sections of H.B.No. 933.

Prior to the effective dates of these acts Lyman Beard and others filed with the Secretary of State Referendum Petition No. 105, State Question No. 359 as to Senate Bill No. 454 and Referendum Petition No. 106, State Question No. 360 as to H.B.No. 933, and on September 10, 1953, these parties filed with the Secretary of State petitions signed by sufficient number of citizens who were legal voters to entitle them to have the above action referred to the voters of the State for approval or rejection. After due notice and no protest, the Secretary of State declared these petitions sufficient to order the two acts mentioned referred to the people for a vote on whether they should become the law.

Since no appeal was taken from the order of the Secretary of State holding the

petitions sufficient for a referendum of the two acts mentioned within ten days from the date the petitions were filed, as provided by Sec. 9, 34 O.S. 1951, the approval order of the Secretary of State became final.

The proponents of the petitions failed to submit a ballot title for either question as required by Sec. 9, 34 O.S. 1951. The State brought an action to compel the proponents to file ballot titles immediately. On December 7, 1953, this Court handed down an opinion, State ex rel. Murray v. Beard, 264 P.2d 305, ordering respondents in that action to submit ballot titles within five days, and upon their failure to do so, ordered that the Attorney General should submit ballot titles. The respondents submitted ballot titles within the time provided in the order of the Court.

Pursuant to Title 34 O.S. 1951 § 9, the Attorney General prepared and submitted two ballot titles and filed them with the Secretary of State. They are as follows:

"Ballot Title
"State Question No. 359
Referendum Petition No. 105
"The Gist of the Proposition is as Follows:
"Shall Senate Bill Number 454, Twenty-fourth Oklahoma Legislature

" 'Relating to Toll Turnpike and the Oklahoma Turnpike Authority; amending Chapter 6, Title 69, Oklahoma Statutes 1951, as amended by House Bill Number 933, Twenty-fourth Oklahoma Legislature; relating to construction, operation and maintenance of Oklahoma portions of toll turnpikes from Tulsa to Joplin, Missouri, Oklahoma City to Wichita, Kansas, and Oklahoma City to Wichita Falls, Texas; correcting typographical errors; relating to turnpike routes, wages and contracts; requiring repayment to State Highway Commission from turnpike bonds for cost of engineering services furnished not exceeding $1,500.00 per turnpike mile,'

"be approved by the people?

☐ Yes
"Shall Senate Bill Number 454 be Approved:
☐ No."

"Ballot Title
"State Question No. 360
Referendum Petition No. 106
"The Gist of the Proposition is as Follows:
"Shall House Bill Number 933, Twenty-fourth Oklahoma Legislature

" 'Concerning Toll Turnpikes; Amending Chapter 6, Title 69, Oklahoma Statutes 1951, and reenacting part thereof; relating to construction, operation and maintenance of Oklahoma portions of toll turnpikes from Tulsa to Joplin, Missouri, Oklahoma City to Wichita, Kansas, and Oklahoma City to Wichita Falls, Texas; providing for creation, legal succession, powers and duties of Oklahoma Turnpike Authority and removal of members by Governor; relating to turnpike finances, concessions, routes, revenues, bonds payable solely from revenues, property, facilities, condemnation procedure, and rights of affected common carriers and public utilities,

"be approved by the people?

☐ Yes
"Shall House Bill Number 933 be Approved?
☐ No."

On December 17, 1953, J. W. Covey, as a resident citizen and taxpayer of this State for himself and others similarly situated gave notice and filed an appeal from the action of the Attorney General in filing the two ballot titles as above set out with the Secretary of State, and submitted two ballot titles prepared by the appealing party and prayed that they be substituted in lieu of those prepared and filed by the Attorney General. At a hearing on December 21, 1953, J. W. Covey appeared and submitted for filing two additional ballot titles and prayed that they be approved and substituted for those submitted by the Attorney General and those first submitted by J. W. Covey on December 17, 1953.

The questions before the Court are (1) Do the ballot titles submitted contain the gist or substance of the Legislative Acts to be referred to the people for a vote, and thus sufficiently apprise the people of the principal aims and purposes of the meas-

ures they are to approve or disapprove? (2) Are the ballot titles submitted sufficient to meet the above requirements? and (3) Are the ballot titles submitted by the Attorney General sufficient to advise the voters of the measures to be voted upon?

In the case of In re State Question No. 171, Initiative Petition No. 116 (Taylor v. King), 157 Okla. 119, 120, 11 P.2d 160, it was held that this Court would generally accept a title submitted by the Attorney General where the same is found to be legal and sufficient. The syllabus is as follows:

"This court, on appeal from a ballot title prepared and filed by the Attorney General to an initiative measure, will, as a general rule, accept and adopt the title prepared and filed by him where it complies with the law and is sufficient to fairly submit to the people the measure to be voted upon, even though the ballot title prepared and filed by the proponent may also in all respects comply with the law."

It will be noted that in the case above cited, it was an initiative measure that was involved, but the same rule is applicable to a referendum matter, as appears from the ruling of this Court in In re State Question No. 236, Referendum Petition No. 73 (Patterson v. Williamson), 183 Okl. 467, 83 P.2d 572, 573, where it was said in the body of the opinion:

"(2) In such circumstances it has been held by this court that the title prepared by the Attorney General will, as a general rule, be approved on appeal, even though the title prepared and filed by proponent may also comply with the law in all respects. Taylor v. King, supra; In re State Question No. 171, Initiative Petition 116, 157 Okl. 119, 11 P.2d 160."

In the case of In re State Question No. 349, Initiative Petition No. 249 (Ashton v. Williamson), 203 Okl. 520, 223 P.2d 756, it was said in the body of the opinion:

"(1) Where the Attorney General disapproves the ballot title submitted by proponent of an initiated measure, and prepares and files a title with the Secretary of State, any person may appeal to this court from the title so prepared and submitted; this court, on appeal, may approve said title, or may approve a substitute title offered by appellant, or may prepare one."

Under the foregoing decisions it is clear that the court may approve the ballot titles submitted by the Attorney General if they are found to contain the gist of the respective questions referred to the people.

If the ballot titles submitted by the Attorney General are found sufficient, they are generally approved regardless of the sufficiency of those submitted by others.

After careful examination of all the ballot titles submitted, we find that those submitted by the Attorney General fairly express the gist or substance of the questions referred to the people for their approval or rejection and are hereby approved and adopted as legal and sufficient to submit to the voters the questions proposed in H.B.No. 933, and Senate Bill No. 454 enacted by the Twenty-fourth Legislature, and the Secretary of State is directed to proceed in accordance with this decision.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.

ARNOLD and WILLIAMS, JJ., dissent.

ARNOLD, Justice (dissenting).

I proposed the adoption of the following as a per curiam opinion:

"Within the time provided by law this appeal from the substitute titles submitted by the Attorney General was filed and presents only one question, the sufficiency of said proposed substitute titles.

"On such appeal this court 'may correct or amend the title before the court, or accept the substitute suggested, or may draft a new one which will conform to this chapter'. 34 O.S.1951 § 10; State ex rel. Murray v. Beard, Okl.Sup., 264 P.2d 305.

"Without criticism of any of the various titles suggested, we think that the following titles fairly state the gist of the propositions to be voted on:

"House Bill No. 933, Referendum Petition 106, State Question No. 360:

" 'Amending turnpike law; creating Turnpike Authority, appointed and removable by Governor; prescribing powers, duties, etc.; authorizing and empowering Authority to construct and operate parts in Oklahoma of turnpikes between: Oklahoma City and Wichita Falls, Texas; Tulsa and Joplin, Missouri; Oklahoma City and Wichita, Kansas; issue bonds, payable solely from revenue, to pay therefor; fix tolls; lease concessions; acquire property, etc.; and do everything necessary to execute granted powers, subject to prescribed limitations; such turnpikes, when paid for, to belong to State, for use free of tolls,'

"Senate Bill No. 454, Referendum Petition No. 105, State Question No. 359:

" 'Amending turnpike law, as amended by House Bill Number 933, Twenty-fourth Legislature; authorizing and empowering Oklahoma Turnpike Authority to: construct and operate that part in Oklahoma of turnpikes between: Oklahoma City and Wichita Falls, Texas; Tulsa and Joplin, Missouri; and Oklahoma City and Wichita, Kansas; issue bonds, payable solely from revenue, to pay for turnpikes; fix tolls; lease concessions; acquire property; repay State not exceeding $1,500.00 per mile survey, preparatory expense; make contracts; fix wages; and do everything necessary to execute granted powers, subject to prescribed limitations;'

"The foregoing titles shall be used, as provided by law, in the submission of said acts of the Legislature to a vote."

It will be noted that the opinion proposed and rejected states simply every issue here directly in question or that inheres. 34 O.S.1951 § 10.

Everybody concedes that the issue pointed out is the only issue. Surely nobody doubts the authority of this court to write a title though all those submitted may be technically sufficient, In re State Question No. 349, Initiative Petition No. 249 (Ashton v. Williamson), 203 Okl. 520, 223 P.2d 756.

Fencing and jockeying for advantageous position should be and can be under the authority and duty of this court obviated. Neither of the titles proposed will, in my judgment, fairly submit the questions to the voters.

The Attorney General's substitute title is quoted in the majority opinion and the one I proposed for adoption is hereinbefore set forth. The difference is apparent and my reasons, under the circumstances of this case, are obvious.

The opinion prepared by Mr. Justice Welch, partially at the direction of the conference, State ex rel. Murray v. Beard, supra, amounts to the first announcement by this court that Section 9, 34 O.S.1951, applies to a referendum petition. I dissented to the opinion and expressed my views. However, by reason of stare decisis, I do not now take the position that the titles used by the Legislature in passing the acts and used by Mr. Beard in obtaining the necessary signatures to the petition to refer the acts must be used. Those titles are sufficient to meet the requirements of the Constitution as to titles of all acts of the Legislature and the requirements of the statute on referendum and initiative. The 100-word provision of Section 9 is directory. This is conceded by the Attorney General and all lawyers in this case. So the fact that one of the titles used by the Legislature and Mr. Beard contains more than 100 words makes no particular difference. The approval and use of the titles employed by the Legislature would settle *now* any question of the constitutionality of the acts as far as sufficiency of the titles is concerned. Surely the voters would be better informed, that is if they read the titles on the ballot, and would therefore be in a better position to cast an intelligent vote. The purpose of the title is to inform the voter of the general contents of the act which the voter is voting to approve or disapprove.

So I say the spirit of the law requiring absolute fairness to the electors would be better served if the titles used by the Leg-

6

islature in the passage of the acts and Mr. Beard in securing the signatures to the petitions to refer were used in the submission of the acts to a vote.

WILLIAMS, Justice (dissenting).

I believe that the following suggested ballot titles more fully and fairly express "the gist of the proposition", "without any argument or statement either for or against the measures concerned":

"Ballot Title
"State Question No. 359
      Referendum Petition No. 105
"The Gist of the Proposition is as Follows:
"Shall Senate Bill Number 454, Twenty-
      Fourth Oklahoma Legislature,
" 'Amending turnpike law, as amended by House Bill Number 933, Twenty-fourth Legislature; authorizing and empowering Oklahoma Turnpike Authority to: construct and operate that part in Oklahoma of turnpikes between: Oklahoma City and Wichita Falls, Texas; Tulsa and Joplin, Missouri; and Oklahoma City and Wichita, Kansas; issue bonds, payable solely from revenue, to pay for turnpikes; fix tolls; lease concessions; acquire property; repay State not exceeding $1,500.00 per mile survey, preparatory expense; make contracts; fix wages; and do everything necessary to execute granted powers, subject to prescribed limitations;'
"be approved by the people?

☐ Yes

"Shall Senate Bill Number 454 Be Approved?

☐ No

"Ballot Title
"State Question No. 360
      Referendum Petition No. 106
"The Gist of the Proposition is as Follows:
"Shall House Bill Number 933, Twenty-
      fourth Oklahoma Legislature,

" 'Amending turnpike law; creating Turnpike Authority, appointed and removable by Governor; prescribing powers, duties, etc.; authorizing and empowering Authority to construct and operate parts in Oklahoma of turnpikes between: Oklahoma City and Wichita

Falls, Texas; Tulsa and Joplin, Missouri; and Oklahoma City and Wichita, Kansas; issue bonds, payable solely from revenue, to pay therefor; fix tolls; lease concessions; acquire property, etc.; and do everything necessary to execute granted powers, subject to prescribed limitations; such turnpikes, when paid for, to belong to State, for use free of tolls;'
"be approved by the people?

☐ Yes

"Shall House Bill Number 933 Be Approved?

☐ No"

I therefore respectfully dissent.